UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES DEAN WILKS,                           ) | CASE NO.: C06-1076-JCC |
|                                             ) | |
|     Petitioner,         ) | |
|                                             ) | |
|     v.                  ) | REPORT & RECOMMENDATION |
|                                             ) | |
| REED HOLTGEERTS,                            ) | |
|                                             ) | |
|     Respondent.         ) | |
| _____) | |

### INTRODUCTION

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #4). Respondent has filed an answer, asserting that petitioner has failed to exhaust his remedies in state court. (Dkt. #9). Petitioner has filed a response to the answer. (Dkt. #13). Having reviewed the submissions of the parties and the balance of the record, the Court concludes that the petition should be dismissed without prejudice for failure to exhaust state court remedies.

### BACKGROUND

In 2003, petitioner was convicted in Seattle Municipal Court of misdemeanor assault, harassment, and violation of a no-contact order. (Dkt. #9, Ex. 1, 2). Petitioner was sentenced to a total of 2070 days in jail. The history of petitioner's appeals in state court is somewhat complex

REPORT & RECOMMENDATION
PAGE -1

and a complete description is unnecessary to disposition of the instant habeas petition.[1] It is sufficient to note that in August, 2006, petitioner filed a motion for discretionary review in the Washington Court of Appeals, and that the motion appears to be pending. (Dkt. #9, Ex. 14).

Petitioner filed his first federal habeas petition in February, 2005. (Dkt. #7 in Case No. C05-235-RSM-JPD). The court dismissed the petition for failure to exhaust in October, 2005. (Dkt. #52 in Case No. C05-235-RSM-JPD). Petitioner submitted the instant petition on July 31, 2006. (Dkt. #6). Respondent filed his answer on October 3, 2006. (Dkt. #9). Petitioner filed a response to the answer on October 19, 2006 (Dkt. #13), and the matter is ready for review.

## DISCUSSION

Exhaustion of state court remedies is a condition precedent to the filing of a federal habeas petition. 28 U.S.C. § 2254(b). Respondent argues that petitioner has failed to exhaust his remedies in state court because he currently has a motion for discretionary review pending in the Washington Court of Appeals. (Dkt. #9 at 3, Ex. 14). Respondent also purports to argue that petitioner's habeas petition should be dismissed because it is successive. However, respondent's answer contains only two brief references to this argument and does not actually present the argument. (Dkt. #9 at 1, 4). Moreover, it does not appear that the habeas petition would be considered successive because petitioner's previous petition was dismissed *without* prejudice. *See Hill v. State of Alaska*, 297 F.3d 895, 898-99 (9th Cir. 2002). Accordingly, the court will not address whether the instant petition is successive and will discuss only the exhaustion issue.

---

[1] A summary of the state court proceedings through 2004 is contained in the Report and Recommendation issued by the Honorable James P. Donohue in petitioner's first federal habeas petition. (Dkt. #49 in Case No. C05-235-RSM-JPD).

REPORT & RECOMMENDATION
PAGE -2

01         Both parties agree that petitioner has a motion for discretionary review ("motion")

02 currently pending in the Washington Court of Appeals. The motion seeks review by the appellate

03 court of an order by the trial court denying petitioner's motion to vacate his conviction. (Dkt. #9,

04 Ex. 14). Respondent argues that the pending motion signifies that petitioner has failed to

05 completely exhaust his state court remedies. Petitioner counters that this pending motion has

06 "nothing to do with petitioner's current habeas petition" and that he has exhausted all the claims

07 that he seeks to present here. (Dkt. #13 at 8).

08         The court need not resolve whether the pending motion in state court presents different

09 claims than are presented here. Even if this assertion were true, the current habeas petition would

10 be considered unexhausted. If a post-conviction challenge to a criminal conviction or sentence

11 is pending in state court, a potential federal habeas petitioner must await the outcome of the

12 challenge before the federal court may consider his state remedies exhausted. *See Sherwood v.*

13 *Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983). The reason for this rule is that a pending state court

14 challenge may result in the reversal of the petitioner's conviction, thereby rendering the federal

15 petition moot. *Id.*; *see also Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) ( *per curiam* );

16 *Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir. 1964) (*per curiam* ). Accordingly, because the

17 adjudication of petitioner's pending motion for discretionary review could, at least theoretically,

18 result in the reversal of his conviction and render the present petition moot, the court recommends

19 that the petition be dismissed without prejudice as unexhausted.

20         Petitioner requests, in the event that the court finds that he has failed to exhaust his state

21 court remedies, that the court stay the habeas petition until the state court has completed its

22 adjudication of his claims. (Dkt. #13 at 10-11). However, the court's discretion to grant such a

stay is limited.  The Supreme Court has recently held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause* for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (emphasis added).  Here, petitioner apparently knew when he filed the instant habeas petition that the state court had not yet ruled on his motion for discretionary review.  Consequently, he intentionally sought to pursue two avenues of review simultaneously.  These facts do not appear to constitute "good cause" for failure to exhaust and thus, this matter does not fall into the narrow category of cases that warrant granting a stay.[2]

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be dismissed without prejudice.  A proposed Order accompanies this Report and Recommendation.

DATED this <u>31st</u> day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge

---

[2] In addition, because petitioner has filed several personal restraint petitions in state court, as well as the pending motion for discretionary review, it appears that the applicable statute of limitations has been sufficiently tolled so that dismissal of the instant habeas petition will not render it impossible for him to return to federal court once the state court proceedings have run their course.  *See* 28 U.S.C. § 2244(d)(2); *cf. Olvera v. Giurbino*, 371 F.3d 569, 573-74 (9th Cir. 2004) (finding an abuse of discretion because the district court failed to grant a stay when the petitioner could not have exhausted his claims and returned to federal court within AEDPA's deadline).